UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.1.1.2
Eastern Division

Jane Doe

                        Plaintiff,

v.                                                     Case No.: 1:17−cv−03688
                                                            Honorable John Robert Blakey

Harpercollins Publishers, LLC, et al.

                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, October 13, 2017:

      MINUTE entry before the Honorable John Robert Blakey: Plaintiff has asked the Court for permission to proceed with this case anonymously, using the pseudonym Jane Doe. See [8]. "Judicial proceedings are supposed to be open... to enable the proceedings to be monitored by the public"; the "concealment of a party's name impedes public access to the facts of the case, which include the parties' identity." Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004). Nevertheless, the presumption that parties identities are public information can be rebutted by showing that the harm to the plaintiff exceeds the likely harm from concealment. Id. (citations omitted). Anonymity may prevail, for example, where the plaintiff is a minor or a rape victim. Id. Here, although Plaintiff's current claims focus on invasion of privacy, her past allegations of sexual assault are central to this case. Additionally, because Defendant Kipnis is a professor at the University where Plaintiff remains a student, Plaintiff may be vulnerable to retaliation by Kipnis' peers or others in the university community. The danger of retaliation may be "a compelling ground for allowing a party to litigate anonymously." E.g., Doe v. City of Chicago, 360 F.3d at 669 (citations omitted). Finally, there is no question that Defendants are well aware of Plaintiff's identify, and thus, they will not be prejudiced by allowing Plaintiff to proceed under a pseudonym. It is true that Plaintiff's name has been disclosed in connection with her prior sexual assault complaint against another professor and the litigation surrounding his ouster from the university, but the Court need not compound any possible harm resulting from that disclosure. In short, allowing Plaintiff to proceed under a pseudonym alleviates the potential harm Plaintiff would suffer if named, and will not harm Defendants, who already know Plaintiff's identity. Plaintiffs motion to proceed under a pseudonym [8] is granted. Defendant's motion to dismiss [24] is entered and continued to 11/29/17 at 9:45 a.m. in Courtroom 1203. The initial status conference previously set for 10/18/17 is stricken, and the parties need not appear. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was

generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.